IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| FERNANDO SERRATOS, on behalf of himself and others similarly situated, | : : : : : : : : : : : : | CASE NO. 0:24-cv-62318-AHS |
| *Plaintiff,* | | |
| v. | | **CLASS ACTION** |
| MYCARECLUB, LLC, | | |
| *Defendant.* | | |

### PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY

Plaintiff Serratos seeks leave from the Court authorizing Plaintiff to take discovery to identify members of the Class and determine the amount of damages they are entitled to in advance of seeking entry of class certification and default judgment. In support, Plaintiff states:

1. Plaintiff filed his Complaint on December 7, 2024. *See* ECF No. 1. Plaintiff served Defendant on January 8, 2025. ECF No. 7. Accordingly, Defendant's response to the Complaint was due by January 29, 2025.

2. On February 10, 2025, Plaintiff moved for entry of a default. ECF No. 9. On the same day, the Clerk entered Default against Defendant. ECF No. 11.

3. Pursuant to Federal Rule 55(d)(2): "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

4. "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact," including specifically allegations relating to the prerequisites for class certification under Federal Rule 23. *Amadi v. Ace Homecare, LLC*, No. 8:17-cv-02191-T-02JSS,

2019 U.S. Dist. LEXIS 52375, at *3-4 (M.D. Fla. Mar. 28, 2019) (internal annotations and citations omitted) (a defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *Duncan v. Sabal Palms I Assocs., Ltd.*, No. 89-3 CIV-FtM-10(A), 1990 U.S. Dist. LEXIS 21077, at *2-7 (M.D. Fla. June 7, 1990) (certifying class action based on the plaintiff's allegations in the complaint that were, in effect, admitted by the defaulted defendant). However, discovery is needed to identify recipients of Defendant's TCPA violative prerecorded calls, and to determine the total number of calls each Class member received so that statutory damages of $500 per call can be determined on a Classwide and per Class member basis.

5. Accordingly, Plaintiff requests leave to take discovery to identify members of the Class and to determine damages as contemplated by Rule 55(d)(2). Specifically, Plaintiff seeks to serve discovery on Defendant and any third parties involved in making the violative calls, in an effort to obtain call logs from them. *See Martie v. M&M Bedding, LLC*, Case No. 2:20-cv-43, Dkt. 13 (M.D. Fla. May 18, 2020) (granting leave to take discovery as to the identity of putative class members and determine the amount of damages they are entitled to in advance of seeking class certification and a default judgment).

6. To allow adequate time to conduct discovery prior to moving for class certification and default judgment, Plaintiff requests that he be permitted 90 days within which to conduct discovery and move for class certification and default judgment on behalf of himself and the class.

WHEREFORE, Plaintiff Serratos requests that the Court grant leave to take discovery, and provide Plaintiff 90 days within which to file a motion for class certification and default judgment to allow time for discovery.

Dated: February 19, 2025

Respectfully submitted,

/s/ Avi R. Kaufman
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative class*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and it is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.[1]

/s/ Avi R. Kaufman

---

[1] Defendant's counsel entered an appearance in this action between the initial filing of this motion on February 10, 2025 and the refiling of the motion.