UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-62318-CIV-SINGHAL

FERNANDO SERRATOS, *on behalf of himself or others similarly situated*,

   Plaintiff,

v.

MYCARECLUB, LLC,

   Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendant's Unopposed Motion to Vacate Clerk's Default (DE [15]) ("Motion"). Defendant MyCareClub LLC was served with the summons and complaint on January 8, 2025, via its registered agent (DE [7]). Plaintiff moved for entry of default on February 10, 2025 (DE [9]), which the Clerk entered that day (DE [11]). Defendant moved to vacate the entry of default on March 5, 2025 (DE [15]). In the Motion, Defendant states that Plaintiff does not oppose this relief. (DE [15], p. 7 n. 1). Thus, the matter is ripe for review.

Defendant states that it first received notice of the lawsuit on or about January 8, 2025. (DE [15], p. 1). Earlier, on November 11, 2024, Defendant received a letter from Dana J. Oliver, Esq., counsel representing Plaintiff, regarding alleged violations of the Telephone Consumer Protection Act ("TCPA"). (DE [15-2]). Defendant responded to Plaintiff's concerns (DE [15-3]) that same day. (DE [15-3]).

Accordingly, Defendant alleges its belief that "(i) attorney Oliver was the only lawyer representing Plaintiff in connection with his claims against [Defendant] for

supposed violations of the TCPA in November, 2024; (ii) [Defendant] had sufficiently responded to the November Demand via its November Response and; (iii) [Defendant] had provided attorney Oliver with sufficient documentation evidencing Plaintiff's consent and opt-in to receive such calls supposedly made by [Defendant] on or about November 8, 2024, that no further action was needed with respect to any claims made by Plaintiff regarding alleged TCPA violations committed by [Defendant] on or about November 8, 2024." (DE [15], pp. 3-4).

Defaults are disfavored in federal court because of the strong policy of determining cases on their merits. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Fla. Physicians Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Under Rule 55(c), Federal Rules of Civil Procedure, a default may be vacated upon a showing of good cause. A default judgment, on the other hand, may be vacated only upon a showing of excusable neglect pursuant to Rule 60(b), Federal Rule of Civil Procedure. "This distinction is notable in that the "excusable neglect" requirement of Rule 60(b) is more "rigorous" than the "good cause" standard required by Rule 55(c)." *Watkins v. Finch*, 2017 WL 11421090, at *1 (S.D. Fla. Apr. 6, 2017) (citing *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) and *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)). In this case, the good cause standard of Rule 55 applies, because a final default judgment has not been entered.

"The Eleventh Circuit has held that 'good cause' is 'not susceptible to a precise formula' and that courts may consider 'whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense' but that these factors are not 'talismanic.'" *Watkins*, 2017 WL

11421090, at *1 (quoting *Compania Interamericana v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996)).  Other factors the court may consider include the degree of prejudice to the opposing party, the amount of delay, if any, by the defaulting party in seeking to vacate the default, and whether the public interest is implicated.  *Id.*  The court may deny relief if it finds the defaulting party exhibited "an intentional or reckless disregard for the judicial proceedings." *Id.*

Upon review of the docket, this Court finds that good cause exists. There is no evidence that Defendant acted with intentional or reckless disregard for the judicial proceedings. Defendant's delay in responding to the Complaint may have been careless but was not motivated by avoiding the suit.  Additionally, Plaintiff is not prejudiced by the delay.  "[O]n February 19, 2025, Plaintiff's counsel confirmed that it would not oppose Defendant's Motion to Vacate."  (DE [15], p. 7 n. 1).  Since Defendant's answer was due on January 29, 2025, the resulting delay lasted a little over a month.  Finally, in its defense, Defendant argues that "the name provided by the caller [who made the phone call that allegedly violates the TCPA] does not match the name of the [Plaintiff]."  (DE [15-3]). This defense may have some merit.

In light of the policy of disfavoring defaults and the good cause shown by Defendant for vacating the default, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Unopposed Motion to Vacate Clerk's Default (DE [15]) is **GRANTED.** The Default (DE [11]) entered on February 11, 2025 is **VACATED.** Defendant's response/answer to the Complaint is due **March 25, 2025.** Further, Plaintiff's Motion for Leave to Take Discovery (DE [14]) is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of March 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF